IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SMITH,

        Plaintiff,

    v.

AURORA LOAN SERVICES and
DOES 1 through 100, inclusive,

        Defendants.

No. CIV S-10-0198 MCE DAD PS

ORDER

This matter came before the court on April 16, 2010, for hearing of defendant Aurora Loan Services, LLC's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion to expunge recorded lis pendens. Attorney Melissa Robbins appeared telephonically for defendant. Plaintiff, proceeding pro se, filed no opposition to the motion and did not appear at the hearing.[1]

---

[1] The motion first came on for hearing on March 12, 2010. At that time both counsel for defendant and plaintiff, proceeding pro se, appeared. Upon being advised of his failure to file opposition to defendant's motion, plaintiff reported that he was attempting to raise funds to hire an attorney but would require at least thirty to sixty days to attempt to do so. Before the court could rule on plaintiff's request, plaintiff expressed his frustration with the proceedings and departed the courtroom. Nonetheless, the court continued the hearing to April 16, 2010. On March 15, 2010, the court issued an order requiring that plaintiff's written opposition to the motion, if any, be filed and served by April 2, 2010. As noted, plaintiff still did not file written opposition despite the granting of a continuance and did not appear at the re-scheduled hearing.

Upon consideration of all written materials filed in connection with the motion, defense counsel's arguments, and the entire file, the undersigned recommends that defendant's motion to dismiss be granted without leave to amend and defendant's motion to expunge recorded lis pendens be granted as well.

## BACKGROUND

Plaintiff originally commenced this action by filing his complaint in the El Dorado County Superior Court on August 20, 2009. On January 26, 2010, defendant Aurora Loan Services, LLC removed the action pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds that plaintiff's claims arise under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq., and the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., and that this court had original jurisdiction over the action pursuant to 28 U.S.C. § 1441(b). Defendant also asserted that this court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any state law claims plaintiff was attempting to bring. See Notice of Removal (Doc. No. 1).

## PLAINTIFF'S CLAIMS

In his complaint, plaintiffs alleges as follows. On or about December 13, 2005, plaintiff obtained a mortgage loan from defendant Aurora Loan Services with the loan being secured by his residence. (Notice of Removal (Doc. No. 1), Complaint at ¶4.) On or about March 1, 2008, plaintiff fell behind on his loan payments. (Id.) On or about May 1, 2008, plaintiff reached an oral agreement with defendant whereby plaintiff would make increased payments on the loan for five months to become current and, thereafter, defendant would agree to a loan modification. (Id.) At the end of the five months, defendant Aurora breached the oral agreement and demanded an additional $10,000. (Id.) Plaintiff could not pay that amount and defendant Aurora moved forward with foreclosure proceedings scheduled for August 29, 2009. (Id.)

Based on these factual allegations, plaintiff claims that the loan documents used by defendant in connection with his mortgage loan violated the requirements of TILA. (Id. at ¶

6.) He also summarily alleges that defendant violated RESPA. (Id. at ¶ 9.) Next, plaintiff claims defendant was "unjustly enriched" by receiving payments from him "attributable to the artificial, inflated component of Plaintiff's loan contract" and the "inflated portion of his interest rate and points" and seeks restitution of those amounts paid to defendant. (Id. at ¶12.) Finally, plaintiff alleges that defendant breached the parties' contract with respect to December 13, 2005 loan upon which plaintiff had defaulted. (Id. at ¶¶ 15-17.) Plaintiff seeks damages under TILA and RESPA, general damages according to proof, interest and cost of suit.

### DEFENDANT'S ARGUMENTS

At the outset, defendants have requested that the court take judicial notice of the official documents and records related to the matters at issue. (Doc. No. 7-3.) Specifically, defendants request that the court take judicial notice of the following official records and documents related to plaintiff's mortgage loan transaction: the Deed of Trust executed by plaintiff and his wife dated December 2, 2005, and recorded in the El Dorado County Recorder's Office on December 14, 2006[2]; the Notice of Default in the amount of $21,893.99 recorded with the El Dorado County Recorder's Office on December 18, 2009; the Substitution of Trustee recorded in the El Dorado County Recorder's Office on January 30, 2009; the Notice of Trustee's Sale recorded in the El Dorado County Recorder's Office on March 23, 2009 and the Notice of Pendency of Action recorded in the El Dorado County Recorder's Office on August 20, 2009. (Doc. No. 7-3, Exs. A-E.)

Defendants' requests for judicial notice will be granted pursuant to Federal Rule of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

---

[2] This exhibit reflects that plaintiff's was an adjustable rate mortgage with the interest rate capped at 9.950%. (Doc. No. 7-3, Ex. A.)

1         Defendant seek dismissal of plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's broad and conclusory allegations fail to state cognizable claims under TILA or RESPA, that those claims as well as plaintiff's causes of action for Unjust Enrichment/Restitution and Breach of Contract fail as a matter of law because of his admitted default on his mortgage loan and that his failure to tender the outstanding balance on the loan bars any claim for Wrongful Foreclosure as well as any other claims. (Def't's Mem. of P. & A (Doc. No. 7-2) at 4.)

        Specifically, with respect to plaintiff's TILA claim defendant notes that plaintiff's vague and general allegations appear to complain about the loan documents used in the transaction but that defendant Aurora was not the original lender. Moreover, defendant argues, any TILA claim for either damages or rescission is time barred by the applicable statute of limitations since the Note and Deed of Trust are dated December 2, 2005 and plaintiff's complaint was not filed until three years later, on August 20, 2009. (Id. at 5.) Defendant contends that plaintiff's conclusory RESPA claim is not cognizable and, in any event, is also barred by the applicable statute of limitations. (Id. at 5-6.) Defendant argues that plaintiff has failed to allege any facts sufficient to state a claim for restitution and that "unjust enrichment," referred to in his complaint is not a cause of action. (Id. at 6-7.) Defendant also assert that plaintiff's admission in his complaint that he failed to repay the mortgage loan in question and that the foreclosure on the subject property resulted from his non-payment is fatal to any breach of contract claim against them. (Id. at 7.) Finally, defendant argues that because plaintiff lacked the authority to record the Lis Pendens, his complaint fails to state a real property claim and he has not established the probable validity of any of his claims, their motion to expunge the Lis Pendens recorded by plaintiff should be granted. (Id. at 8-9.)

        Defendant's arguments are persuasive.

/////

/////

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

For the reasons set forth below, the undersigned will recommend that defendant's motion to dismiss be granted.

ANALYSIS

The undersigned finds that plaintiff's failure to file written opposition and failure to appear at the hearings on defendant's motions to dismiss, should be deemed a statement of no opposition to the granting of defendant's motions. Nonetheless, in light of plaintiff's pro se

status, the undersigned has reviewed defendant's arguments and addresses each of them briefly below.

I.     TILA Cause of Action

As noted above, in conclusory fashion plaintiff claims in his complaint that the loan documents used by defendant in connection with this mortgage loan violated the requirements of TILA. (Complaint at ¶ 6.) He seeks the award of damages.[3]

First, it is impossible to ascertain with any degree of particularity the conduct of defendant being alleged by plaintiff. As such, plaintiff has failed to place defendant on notice of the claim or claims being asserted against it. Furthermore, plaintiff's TILA claim invokes no applicable statutory or common law authority pursuant to which relief could be granted by the court. Plaintiff's wholly conclusory allegations fail to state a cognizable claim.

Moreover, plaintiff's TILA claim for damages is barred because such a suit for such damages must be filed within one year following the alleged violation. 15 U.S.C. § 1640(e). The failure to make required disclosures for purposes of a damages claim under TILA occurs on the date the loan documents are signed, because on that date the buyer is in possession of all information relevant to they buyer's discovery of the TILA violation and the basis for a damages claim. Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003). Here, plaintiff commenced this suit more than three years after the mortgage loan was made and any TILA violation could have occurred, and more than two years after the statute of limitations expired.

---

[3] Plaintiff's complaint does not seek rescission with respect to the alleged TILA violation. Any such claim would fail for several reasons. To state a claim for rescission under TILA, the plaintiff must allege that she is able to tender the proceeds of her loan. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds). There is no such allegation in plaintiff's complaint. Moreover, any claim for rescission under TILA would also be time-barred, since such claims are governed by a three-year statute of limitations. 15 U.S.C. § 1635(f); see also King v. State of California, 784 F.2d 910, 913 (9th Cir. 1986).

II.     RESPA Cause of Action

Again, it is impossible to ascertain the conduct being alleged by plaintiff as to the defendant with respect to his RESPA claim. As such, plaintiff has failed to place defendant on notice of the claim or claims being asserted against it. Furthermore, plaintiff's RESPA claim invokes no applicable statutory or common law authority pursuant to which relief could be granted by the court. Plaintiff's wholly conclusory allegations fail to state a cognizable RESPA claim.

Moreover, whatever the nature of the RESPA claim plaintiff is attempting to present, it would be barred by the applicable statute of limitations since this action was filed more than three years after the loan was originated. See 12 U.S.C. § 2614 (providing three-year statute of limitations for alleged violations of 12 U.S.C. § 2605 and a one-year statute of limitations for alleged violations of 12 U.S.C. §§ 2607, 2608).[4]

III.    Unjust Enrichment/Restitution Claim

Plaintiff's complaint suggests that he is claiming that defendant was unjustly enriched by receiving monthly mortgage payments from plaintiff until he defaulted on his loan and that plaintiff should receive "restitution" of those payments. Such allegations do not state a cognizable claim. As one judge of this court has recently explained:

> The elements of an unjust enrichment claim are receipt of a benefit and unjust retention of the benefit at the expense of another. Peterson v. Cellco Partnership, 164 Cal. App.4th 1583, 1593, 80 Cal. Rptr.3d 316 (2008); Lectrodryer v. SeoulBank, 77 Cal. App.4th

---

[4] The nature of the RESPA violation plaintiff is attempting to allege is unclear. It is noteworthy that while RESPA's purpose is to "curb abusive settlement practices in the real estate industry, "[s]uch amorphous goals, however, do not translate into a legislative intent to create a private right of action." Bloom v. Martin, 865 F. Supp. 1377, 1385 (N.D. Cal.1994), aff'd, 77 F.3d 318 (9th Cir. 1996). See also Bojorquez v. Gutierrez, No. C 09-03684 SI, 2010 WL 1223144, at *8 (N.D. Cal. Mar. 25, 2010) (no private right of action for disclosure violations under RESPA). "The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603 . . . Congress did not intend to provide a private remedy . . . ." Bloom, 865 F. Supp. at 1384. The absence of a private right of action for RESPA disclosure violations may also be fatal to any RESPA claim plaintiff could possibly attempt to bring.

> 723, 726, 91 Cal. Rptr.2d 881 (2000). However, "the mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." Peterson, 164 Cal. App.4th at 1593, 80 Cal. Rptr.3d 316. Unjust enrichment is typically sought in connection with a "quasi-contractual" claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract. McBride v. Boughton, 123 Cal. App.4th 379, 388, 20 Cal. Rptr.3d 115 (2004).
>
> The complaint's unjust enrichment claim fails because the complaint fails to state any facts in support of the contention that Defendants received and retained benefits and payments to which they were not entitled. In addition, under California law, an action in quasi-contract does not lie "when an enforceable, binding agreement exists defining the rights of the parties." Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996); Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal. App.4th 1410, 1419-20, 49 Cal. Rptr.2d 191 (1996). The complaint alleges Plaintiff and Defendants entered into the Loan, and no allegations in the complaint support a claim that no contract exists between the parties. The complaint does not allege sufficient facts to maintain a plausible claim for unjust enrichment.
>
> In addition, most California courts agree that there is no cause of action in California for unjust enrichment. Walker v. Equity 1 Lenders Group, 2009 WL 1364430, *9 (S.D. Cal. 2009); Jogani v.Superior Court, 165 Cal. App.4th 901, 911, 81 Cal. Rptr.3d 503 (2008); Melchior v. New Line Productions, Inc., 106 Cal. App.4th 779, 794, 131 Cal. Rptr.2d 347 (2003). "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." Lauriedale Associates, Ltd. v. Wilson, 7 Cal. App.4th 1439, 1448, 9 Cal. Rptr.2d 774 (1992). "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." Melchior, 106 Cal. App.4th at 784, 131 Cal. Rptr.2d 347. Thus, the unjust enrichment claim is subject to dismissal.

Lopez v. Washington Mut. Bank, F.A. No. 1:09-CV-1838 AWI JLT, 2010 WL 1558938, at *10 - 11 (E.D. Cal. Apr. 19, 2010).

      The same analysis applies here. Accordingly, plaintiff's unjust enrichment claim, pursuant to which he seeks restitution of amounts paid by him on home mortgage loan prior to his default, should be dismissed.

/////

IV.     Breach of Contract Claim

While conceding that he is in default on the mortgage loan he took out on the subject property in 2005, plaintiff nonetheless alleges in conclusory fashion that it is defendant who engaged in a breach of contract based on the violations of TILA and RESPA alleged in his complaint. (Complaint at ¶¶ 14-17.) Based on defendants alleged breach, plaintiff seeks return of the payments he made on the loan prior to his default. (Id. at ¶ 18.)

Because plaintiff's TILA and RESPA claims are not cognizable for the reasons set forth above, his breach of contract claim based thereon is also not cognizable. As with his other claims, plaintiff has failed to allege any facts placing defendant on notice of the nature of the breach of contract claim being asserted against it. Furthermore, plaintiff's breach of contract claim invokes no applicable statutory or common law authority pursuant to which relief could be granted. Indeed, the public records of which this court has taken judicial notice establish that the subject property is in foreclosure due to plaintiff defaulting on the loan. Plaintiff's wholly conclusory allegations fail to state a breach of contract claim that is "plausible on its face." Bell Atl. Corp., 550 U.S. at 570.

Accordingly, this claim should also be dismissed.[5]

V.     Expungement of Lis Pendens

Defendant contend that plaintiff's Notice of Lis Pendens should be expunged because the complaint does not prove the probable validity of any real property claim by a preponderance of the evidence.

/////

---

[5] The court notes that any wrongful foreclosure claim would also fail because plaintiff has not alleged the ability to tender the entire amount due on the mortgage loan to the lender. Somera v. Indymac Federal Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010) (when a debtor is in default of a home mortgage loan and a foreclosure is pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action with respect to the foreclosure); see also Yamamoto, 329 F.3d at 1171.

"A party to an action who asserts a real property claim may record a notice of pendency of action [lis pendens] in which that real property claim is alleged." Cal. Code Civ. Proc. § 405.20. The purpose of a lis pendens notice is to provide constructive notice of a pending claim that may affect title or right to possession of the real property described in the lis pendens notice. La Paglia v. Superior Court, 215 Cal. App. 3d 1322, 1326 (1989), overruled on other grounds by Lewis v. Superior Court, 19 Cal. 4th 1232, 1243-44, 1258 n.17 (1999). However, the party who records a notice of lis pendens must prove the existence of a real property claim based on the allegations of the complaint. Urez Corp. v. Superior Court, 190 Cal. App. 3d 1141, 1149 (1987). The claimant must establish "the probable validity" of the real property claim "by a preponderance of the evidence." Cal. Code Civ. Proc. § 405.32. "[T]he court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. Proc. § 405.31.

Because plaintiff has attempted to state claims relating to the mortgage of his home, the undersigned finds that his claims potentially pertain to real property and could conceivably have formed the basis of a lis pendens. See Marks v. Ocwen Loan Servicing, No. C 07-02133 SI, 2007 WL 2409523 at *5 (N.D. Cal. Aug. 21, 2007). Plaintiff must nonetheless establish by a preponderance of the evidence the probable validity of any real property claims. He has made no effort to do so, and the undersigned has concluded that plaintiff's complaint does not state any cognizable claim. The undersigned will therefore recommend that defendant's motion to expunge the notice of lis pendens also be granted. See Ziello v. Superior Court, 36 Cal. App. 4th 321, 331-32 (1995) ("[T]he court shall order that a notice of lis pendens 'be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim.'")

VI.     Granting Leave to Amend Would Be Futile

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave

10

to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the obvious deficiencies in and frivolous nature of plaintiff's complaint as addressed above.  Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

Good cause appearing, IT IS HEREBY RECOMMENDED that:

1. Defendant's February 3, 2010 motion to dismiss and motion to expunge recorded lis pendens (Doc. No. 7) be granted; and

2. Plaintiff's complaint be dismissed with prejudice and this action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 3, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:
DDad1\orders.prose\smith0198.mtd.041610